Dear Ms. Curtis-Sparks:
You have requested the opinion of this office regarding Act1137 of 1992, the current Capital Outlay Act (the "Act")for the State of Louisiana, and in particular, the $1,500,000.00 appropriation to the Sabine River Authority (the "SRA") which project (the "Project") is contained in Section 1 of the Act, and which states, in pertinent part:
(19-622) LA EDUCATIONAL TV AUTHORITY
* * *
 SABINE RIVER AUTHORITY PLANNING, CONSTRUCTION, LAND ACQUISITION, AND DEVELOPMENT OF CONVENTION CENTER, MARINA, OUTDOOR PAVILION, AND OTHER RECREATIONAL FACILITIES (SABINE)
PAYABLE FROM SELF GENERATED REVENUES $ 1,500,000
The SRA is ready to proceed with this Project and would like to begin immediately, however, the SRA is concerned because the Project is located in the Act under the schedule of appropriations for the Louisiana Educational TV Authority. In that regard, you have requested our opinion as to whether the appropriation for the Project can be used by the SRA. Before responding to your request, we note the following general rules of statutory construction:
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. C.C. Art. 11. Laws on the same subject matter must be interpreted in reference to each other. C.C. Art. 12.
The SRA was created pursuant to the provisions of Art. XIV, Section 45 of the 1921 Louisiana Constitution. Pursuant to the provisions of Art. XIV, Section 16(A)(10) of the 1974 Constitution, the 1921 constitutional provisions regarding the SRA were made statutory (R.S. 38:2321 — 27). Pursuant to R.S.36:509, the SRA was placed within the Department of Transportation and Development, "in the manner provided for agencies transferred in accordance with the provisions of R.S.36:801.1".
It is the opinion of this office that the funds appropriated for the project were appropriated to the Sabine River Authority, an agency placed within the Department of Transportation and Development, and not to the Louisiana Educational TV Authority. As such, it is our further opinion that the SRA is duly authorized by Act 1137 to proceed with the project, despite the fact that the project appropriation is placed in schedule 19/662, the LA EDUCATIONAL TV AUTHORITY.
Section 10 of Act 1137 states in pertinent part:
 "All of the funds herein appropriated shall, in the absence of express language to the contrary, be considered as having been appropriated directly to the facility planning and control section of the division of administration . . . ; provided, however, this requirement shall not apply to appropriations made to the Department of Transportation and Development for highway or public works projects . . ."
When Act 1137 is read with reference to R.S. 38:2321-27 and R.S. 36:801.1, it is clear that the appropriation was intended to be made to the Department of Transportation and Development, on behalf of the Sabine River Authority.
Our opinion in this regard is corroborated by a copy of the amendment as proposed by the Senate Committee on Finance. That amendment makes it clear that the project should have been placed on Page 4, line 15 of reengrossed House Bill No. 2, which became Act 1137, which places the project in schedule 07/276, the Office of Engineering of the Department of Transportation and Development. A review of pages 55 and 56 of the transcript of the Senate proceedings conducted on June 19, 1992 makes it clear that when the amendment was offered on the Senate floor, it was either read into the record or transcribed incorrectly. The first two digits of the Agency (or schedule) number (07) were inadvertently substituted in place of the page number, and the second set of digits (276H) were inadvertently substituted in place of the line number.
Trusting this adequately responds to your request, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0136n